E-FILED
Thursday, 10 September, 2026 03:04:05 PM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | |
|---|---|
| ROBERTO VELAZQUEZ,<br>Plaintiff,<br><br>v.<br><br>KASEY KRAMER, *et al.*,<br>Defendants. | Case No. 4:25-cv-04232-JEH |

**Order**

Now before the Court is Plaintiff's Motion to Request Counsel (Doc. 39) and Defendant Baker's Motion for Extension of Time (Doc. 42). For the reasons stated below, Plaintiff's Motion is DENIED, and Defendant Baker's Motion is GRANTED.

In this Order, the Court also clarifies the claims Plaintiff was permitted to proceed on at merit review and names Rodolfo Gonzalez, in his official capacity as the Warden of Hill Correctional Center ("Hill"), as a Defendant to help Plaintiff identify Defendants John/Jane Does (HCU Medical Staff).

**I**

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Hill. (Doc. 1). On March 16, 2026, the Court entered a Merit Review Order allowing Plaintiff to proceed on (1) an Eighth Amendment claim against Defendants Dr. Kurt Osmundson, Nurse Practitioners Kasey Kramer and Samanta Shinn, Warden Tyrone Baker, and John/Jane Does (HCU Medical Staff) based on their alleged deliberate indifference to the treatment of Plaintiff's prostate cancer, and (2) a

medical malpractice claim under Illinois law against Defendants Dr. Osmundson, Kramer, Shinn, and John/Jane Does (HCU Medical Staff). (Doc. 6 at pp. 6-7, 10).

In the conclusion section of the Merit Review Order, the Court inadvertently omitted the medical malpractice claim against Defendants Dr. Osmundson, Kramer, Shinn, and John/Jane Does (HCU Medical Staff). *Id.* at p. 10, ¶ 1. The Court clarifies that Plaintiff is permitted to proceed on an Eighth Amendment deliberate indifference claim *and* a medical malpractice claim.

As the Court stated in the Merit Review Order, Plaintiff is required to comply with the Illinois Healing Arts Malpractice statute by filing an affidavit and a report from a physician stating that "there is a reasonable and meritorious cause" for litigation. *Young v. United States*, 942 F.3d 349, 350 (7th Cir. 2019) (quoting 735 ILCS 5/2-622). Plaintiff must comply with section 2-622 by the summary judgment deadline or his state law claim will be dismissed. *See Young*, 942 F.3d at 351 (finding that "if a prisoner or other *pro se* plaintiff has until the summary judgment stage to comply with the state law, information obtained in discovery may allow a physician to evaluate the medical records and decide whether there is reasonable cause for liability").

**II**

At merit review, the Court *sua sponte* named Nellie Boone as a Defendant, in her official capacity as the Healthcare Unit Administrator at Hill, to help Plaintiff identify Defendants John/Jane Does (HCU Medical Staff). (Doc. 6 at p. 11). The Litigation Coordinator at Hill recently informed the Clerk's Office that Ms. Boone has been out on leave and may return in approximately four weeks. As a result, the Court will instead name Rodolfo Gonzalez, in his official capacity as Hill's Warden, as a Defendant to help Plaintiff identify Defendants John/Jane Does (HCU Medical Staff).

The deadline for Plaintiff to identify the Doe Defendants is STAYED and will be reset after Defendant Gonzalez files an answer to Plaintiff's Complaint. After Defendant Gonzalez files an answer, Plaintiff may serve written discovery requests upon Defendant Gonzalez aimed solely at identifying the Doe Defendants. After the Doe Defendants have been identified, Defendant Gonzalez may move to be dismissed. It is Plaintiff's responsibility to file a motion to substitute with the real names of the Doe Defendants. If Plaintiff fails to identify the Doe Defendants, they will be dismissed without prejudice.

**III**

Plaintiff filed a Motion to Request Counsel asking the Court to reconsider appointing counsel to represent him. (Doc. 39). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). "When evaluating a plaintiff's competence, district courts should normally consider the plaintiff's literacy, communication skills, education level, and litigation experience." *Bracey v. Grondin*, 712 F.3d 1012, 1018 n.3 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). The inquiry is individualized, taking all the relevant facts into consideration, including the stage of the litigation. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013). The Court may also consider "the perceived merits of—or likelihood of success on—an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it." *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022).

In his previous Motion to Reconsider Appointment of Counsel, Plaintiff stated he sent letters to attorneys to request representation and received responses from three attorneys who declined to accept his case. (Doc. 32 at pp. 2-7). The Court finds that Plaintiff made a reasonable attempt to obtain counsel.

Regarding Plaintiff's ability to litigate this case himself, Plaintiff states he is not proficient in English and completed basic grammar school in Mexico, which did not teach English as a second language. Plaintiff states he received assistance with drafting pleadings in this case from a bilingual inmate with legal experience, but this inmate will be transferred soon. Plaintiff also states this case is complex and will require an expert witness to review his medical records and provide a certificate of merit under section 2-622.

The Court named Warden Gonzalez as a Defendant to assist Plaintiff with identifying the Doe Defendants. Discovery closes on January 21, 2027, and dispositive motions are due on February 22, 2027. The Court finds that Plaintiff appears competent to litigate this case himself, especially at this early stage in the litigation process. Plaintiff's Motion is DENIED, with leave to renew as litigation progresses.

**IV**

Defendant Baker filed a Motion for Extension of Time requesting an additional thirty days to respond to Plaintiff's first set of interrogatories, requests for admissions, and requests for production. (Doc. 42). Based on the reasons stated in the Motion, the Court finds that good cause has been shown for an extension. Defendant Baker's Motion is GRANTED. Defendant Baker is directed to respond to Plaintiff's discovery requests by October 16, 2026.

**IT IS THEREFORE ORDERED:**

**1) The Court clarifies that Plaintiff is permitted to proceed on (1) an Eighth Amendment claim against Defendants Dr. Kurt Osmundson, Kasey**

**Kramer, Samantha Shinn, Tyrone Baker, and John/Jane Does (HCU Medical Staff) based on their alleged deliberate indifference to the treatment of his prostate cancer, and (2) a state law medical malpractice claim against Defendants Dr. Osmundson, Kramer, Shinn, and John/Jane Does (HCU Medical Staff). (*See* Merit Review Order, Doc. [6] at pp. 6-7, 10).**

**2) The Clerk *sua sponte* names Rodolfo Gonzalez as a Defendant, in his official capacity only, to assist Plaintiff with identifying Defendants John/Jane Does (HCU Medical Staff). The Clerk is DIRECTED to add Rodolfo Gonzalez as a Defendant and to attempt service on Defendant Gonzalez by mailing a waiver of service. If Defendant Gonzalez fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant Gonzalez and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**3) The deadline for Plaintiff to identify Defendants John/Jane Does (HCU Medical Staff) is currently STAYED. After Defendant Gonzalez files an answer to Plaintiff's Complaint, the Court will reset the deadline for Plaintiff to identify the Doe Defendants.**

**4) Plaintiff's Motion to Request Counsel [39] is DENIED, with leave to renew as litigation progresses.**

**5) Defendant Baker's Motion for Extension of Time [42] is GRANTED. Defendant Baker is directed to respond to Plaintiff's first set of interrogatories, requests for admissions, and requests for production by October 16, 2026.**

*It is so ordered.*

Entered: September 10, 2026

s/Jonathan E. Hawley
U.S. District Judge